IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARCUS CLARK, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-16-1426 |
| C.O. TROXELL, | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

In response to the above-captioned civil rights complaint, Defendant moves to dismiss or for summary judgment. ECF No. 14. Plaintiff was advised of his right to file an Opposition Response and of the consequences of failing to do so, ECF No. 15, but has filed nothing further.[1] No hearing is necessary to resolve the matters pending. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Defendant's motion, construed as a Motion to Dismiss, shall be granted.

### Background

Plaintiff Marcus Clark, an inmate committed to the custody of the Maryland Division of Correction and confined in Eastern Correctional Institution ("ECI"), claims he was removed from a prison job for discriminatory reasons. Compl. 5, ECF No. 1.[2] He states that he was assigned to work in the prison kitchen when Defendants Officer Troxell and Lieutenant White

---

[1] Plaintiff filed a Motion to Appoint Counsel. ECF No. 13. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The claim asserted is not complex one. No hearing is necessary to the disposition of this case, and there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1). The Motion to Appoint Counsel shall be denied.

[2] Page numbers for citations to Complaint refer to CM/ECF page numbers.

walked through the dish room, where he was working. *Id.* 4. A third officer, Officer Johnson, called Plaintiff over and asked if he had gotten paperwork from medical documenting that he could not wear work boots. *Id.* Plaintiff explained that the doctor had seen him and issued a medical order excusing him from wearing work boots, which could be confirmed by consulting computer records. *Id.* Johnson told Plaintiff it was not her job to go to the medical department to get the paperwork and that Plaintiff should have been given a copy of it or it should have been sent over to the work supervisor. *Id.* Plaintiff explained that he had no control over what medical staff had done with the medical order and that the doctor had told him not to wear the boots because they "may be making [his] condition worse." *Id.* Plaintiff states that the work boots were bruising his feet, but claims that Johnson stated she did not care. *Id.*

During his conversation with Johnson, White and Troxell began talking to Plaintiff. White stated that she had not received anything from medical and Plaintiff stated he would write a request for the order. *Id.* Troxell, the only named Defendant, then asked why Plaintiff wasn't wearing boots. *Id.* Plaintiff explained that he could not wear the boots as they may be worsening his condition. *Id.* Plaintiff claims that Troxell became angry and gave him an ultimatum to go put on his work boots or he would receive an infraction for refusing to work. *Id.* After Plaintiff protested and said he was not refusing to work, rather the work boots caused him extreme pain, Troxell sent him back to his housing unit and said they would be waiting for him to turn in his "kitchen whites." *Id.*

Plaintiff states that White agreed that he was not refusing to work and suggested that Johnson go to medical to find out what was going on. *Id.* at 5. When Johnson went to medical she obtained a copy of the medical order that stated Plaintiff should be excused from wearing work boots. *Id.* Regardless, Plaintiff was still required to return to his housing unit. He claims

his dismissal from the job site constituted discrimination against him based on his disability.[3] *Id.*. As relief, Plaintiff seeks monetary damages of $600,000. *Id.* at 3.

## Standard of Review

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Twombly*, 550

---

[3] Plaintiff does not provide information regarding the nature of his alleged disability or the medical condition that prompted the order to excuse him from wearing work boots.

U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)).

## Discussion

Troxell asserts in part that the Complaint fails to state a claim under the Americans with Disabilities Act (ADA). Def.'s Mem. 9–10, ECF No. 14-1. The ADA was enacted in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," 42 U.S.C. § 12101(b)(1), and "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities," *id.* § 12101(b)(2). Title II of the ADA, which is at issue here, prohibits public entities, including "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government," *id.* § 12131(1), from discriminating "by reason of" disability against a "qualified individual with a disability," *id.* § 12132.

For purposes of Title II, a "qualified individual with a disability" is defined as an individual with a disability "who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42

U.S.C. § 12131(2). State prisoners, such as Plaintiff, may qualify as "qualified individual[s] with . . . disabilit[ies]," *id.*, meaning that they are entitled to protection under Title II of the ADA. In *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206, 213 (1998), a unanimous Supreme Court held that "the plain text of Title II of the ADA unambiguously extends to state prison inmates." Although the Fourth Circuit "has not squarely addressed the issue," several circuits "have determined that § 12132's words 'or be subjected to discrimination by that entity' are meant to be a 'catch-all phrase that prohibits all discrimination by a public entity, regardless of the context'"—in other words, that Title II of the ADA applies to "anything a public entity does." *Seremeth v. Bd. of Cty. Comm'rs of Frederick*, 673 F.3d 333, 338 (4th Cir. 2012) (citing cases) (citations omitted); *see also Paulone v. Frederick*, 787 F. Supp. 2d 360, 380–81 (D. Md. 2011) (collecting authority).

Plaintiff has not alleged, nor does he offer any evidence to support a finding that he has a disability. In addition, there is no allegation that Plaintiff was deprived of a benefit to which he was otherwise entitled because of a disability. Rather, he was simply not permitted to work on one occasion. The allegation raised is not sufficient to state a claim under the ADA.

Troxell also asserts that Plaintiff failed to exhaust administrative remedies and that he is entitled to qualified immunity. Def.'s Mem. 6–7, 10–11. Because this Court has determined that the Complaint fails to state a claim upon which relief may be granted, the remaining defenses need not be reached. Dismissal of a complaint for failure to state a claim upon which relief may be granted requires the case to be flagged with a "strike" under the provisions of 28 U.S.C. §1915(g).[4]

---

[4] Under 28 U.S.C. § 1915(g) a prisoner litigant will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

In a separate Order which follows, the Complaint shall be dismissed and the Clerk will be directed to issue a strike.

02417
Date

_____
Paul W. Grimm
United States District Judge

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."